IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

PAULA ZELESNIK,                                      Case No. 1:18CV2459

                            Plaintiff,               OPINION & ORDER

          -vs-
                                                     JUDGE JAMES S. GWIN
GREAT AMERICAN INSURANCE, et al.,

                            Defendants.


     *Pro se* Plaintiff Paula Zelesnik filed this civil action against multiple Defendants, including

Great American Insurance, Frost Brown & Todd, GE CEO Jeff Immelt, Vineyard Cincinnati, and

Dave Worman.[1]  Plaintiff moves to proceed *in forma pauperis*[2]; that motion is granted.  For the

following reasons, this case is dismissed.

     *Pro se* pleadings are held to "less stringent standards than formal pleadings drafted by

lawyers" and must be liberally construed.[3]  Nevertheless, district courts are required to screen all *in*

*forma pauperis* actions and dismiss before service any action the court determines is frivolous or

---

[1] (Doc. 1.)

[2] (Doc. 2.)

[3] *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[4]

In order to state a claim for relief, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[5] The "allegations must be enough to raise a right to relief above the speculative level . . . ."[6] And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest."[7]

Plaintiff's complaint must be dismissed as it asserts no plausible claim for relief. It consists only of a list of Defendants; an allegation of "rape and attempted murder Nov 2009"; and an ambiguous and confusing request for relief.[8] It does not contain any direct or inferential allegations that would support a claim for relief against Defendants under any viable legal theory.[9] Even liberally construed, the complaint does not give Defendants "fair notice" of the grounds upon which Plaintiff seeks relief.[10] The complaint, therefore, fails to state a claim upon which relief can be granted and is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B).

_____

[4] 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

[5] *Id.* at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)).

[6] *Twombly*, 550 U.S. at 555.

[7] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

[8] (*See* Doc. 1.)

[9] *See Scheid Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

[10] *Twombly*, 550 U.S. at 545.

Furthermore, the Court notes that Plaintiff recently has filed several *in forma pauperis* actions in this district, including one before this Court, that have been dismissed for failure to state plausible claims.[11]  Indeed, on November 2, 2018, another judge in this Court ruled that because Plaintiff has abused the privilege of proceeding as a pauper by repeatedly filing meritless lawsuits, she no longer will be permitted to file civil litigation in the Northern District of Ohio without paying the full filing fee.[12]

Accordingly, Plaintiff's complaint is dismissed under 28 U.S.C. §§ 1915(e)(2)(B) for failure to state a claim upon which relief may be granted.  This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


December 3, 2018                                   *s/    James S. Gwin*
                                                  JAMES S. GWIN
                                                  U.S. DISTRICT JUDGE

---

[11] *See, e.g., Zelesnik, et al. v. General Motors, et al*., Case No. 1:18CV2165 (Gwin, J.); *Zelesnik, et al. v. Magnificat HS, et al*., Case No. 1:18CV2188 (Boyko, J.); *Zelesnik v. Laverty, et al*., Case No. 1:18 CV 2360 (Polster, J.); *Zelesnik, et al. v. GE Healthcare, et al.,* Case No. 1:18CV2443 (Boyko, J.); and *Zelesnik v. Ohio, et al*., Case No. 1:18 CV2471 (Polster, J.).

[12] *Zelesnik v. Ohio, et al*., Case No. 1:18CV2471, Doc. 3 (Polster, J.).